FILED
2020 Feb-13 PM 03:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| LESLIE BOYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:19-cv-00552-JEO |
| | ) |
| ROBERT WILKIE, Secretary, | ) |
| Department of Veteran Affairs, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION**

Plaintiff Leslie Boyer filed a complaint in this Court[1] alleging she was discriminated against by her employer in her pay in violation of the Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d) and 29 U.S.C. § 215(a)(3). (Doc. 1).[2] Now before the court is Defendant Robert Wilkie, Secretary, Department of Veteran Affairs' motion to dismiss for lack of subject matter jurisdiction. (Doc. 24). In response to the motion, Plaintiff filed a motion to transfer the case to the Court of Federal Claims. (Doc. 25). Despite being given the opportunity to do so, (doc. 23), Defendant did not file a reply to Plaintiff's response and motion to transfer.

---

[1] The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 11).

[2] All evidentiary citations refer to the document and page number provided by CM/ECF, the court's electronic document filing system.

The Equal Pay Act prohibits payment of unequal wages for equal work on grounds of sex. *See Bowen v. Manheim Remarketing, Inc.*, 882 F.3d 1358, 1362-63 (11th Cir. 2018) (citations omitted). Claims brought pursuant to the Equal Pay Act must satisfy the jurisdictional requirements of the Tucker Act, 28 U.S.C. § 1491. *See, e.g. Barnes v. Levitt*, 118 F.3d 404, 410 (5th Cir. 1997), *cert. denied*, 523 U.S. 1136 (1998). Section 1346(a)(2), commonly referred to as the "Little Tucker Act," expressly limits the jurisdiction of this Court to any non-tort civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress. 28 U.S.C. 1346(a)(2).

Plaintiff agrees with Defendant that the amount in controversy is greater than $10,000. (Doc. 25 at 1; *see* Doc. 24 at 4). As such, the "Little Tucker Act" applies to her Equal Pay Act claims and the court lacks jurisdiction over the claim. The question, therefore, becomes whether the court should dismiss the complaint for lack of jurisdiction, as requested by Defendant, or transfer the case to the Court of Federal Claims, as requested by Plaintiff. *See Tootle v. Secretary of Navy*, 446 F.3d 167, 173 (D.C. Cir. 2006) (a federal court must "make a single decision upon concluding that it lacks jurisdiction - whether to dismiss the case or, 'in the interest of justice,' to transfer it to a court . . . that has jurisdiction" under 28 U.S.C. § 1631) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988)).

Under 28 U.S.C. § 1631, whenever a "civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631.  The court concludes that the "interest of justice" requires that it exercise the authority given it in 28 U.S.C. § 1631, and, rather than dismiss the suit, transfer it to the Court of Federal Claims.  A dismissal would unfairly prejudice Plaintiff in that her statute of limitations has likely run, and there is no indication of any bad faith on the part of Plaintiff.

Based on the above, Defendant's motion to dismiss (doc. 24) is **DENIED** and Plaintiff's motion to transfer this case to the Court of Federal Claims (doc. 25)  is **GRANTED**.  Because the court lacks jurisdiction over the claim, the memorandum opinion and order (Doc. 16) is **VACATED**.  A separate order will be entered transferring the case.

**DATED** this 13th day of February, 2020.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge